IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO I. LARA,<br><br>        Plaintiff,<br><br>  v.<br><br>STEVEN CASTILLO, et al.,<br><br>        Defendants. | 1:05-cv-01410-AWI-DLB-P<br><br>**FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE**<br>(Doc. 12) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

    On March 1, 2006, the court issued an order directing payment of inmate filing fee, and served said order on plaintiff. On March 15, 2006, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable.

    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  To date, plaintiff has not notified the court of his address change or otherwise been in contact with the court.  Absent such notice, service at a party's prior address is fully effective.  See Local Rule 83-182(f).

1    Local Rule 11-110 provides that "failure of counsel or of a
2 party to comply with these Local Rules or with any order of the
3 Court may be grounds for the imposition by the Court of any and
4 all sanctions . . . within the inherent power of the Court."
5 District courts have the inherent power to control their dockets
6 and "in the exercise of that power, they may impose sanctions
7 including, where appropriate . . . dismissal of a case."
8 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
9 court may dismiss an action, with prejudice, based on a party's
10 failure to prosecute an action, failure to obey a court order, or
11 failure to comply with local rules.  See, e.g. Ghazali v. Moran,
12 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance
13 with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th
14 Cir. 1992) (dismissal for failure to comply with an order
15 requiring amendment of complaint); Carey v. King, 856 F.2d 1439,
16 1440-41 (9th Cir. 1988)(dismissal for failure to comply with
17 local rule requiring pro se plaintiffs to keep court apprised of
18 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th
19 Cir. 1987)(dismissal for failure to comply with court order);
20 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
21 (dismissal for failure to lack of prosecution and failure to
22 comply with local rules).
23    In determining whether to dismiss an action for lack of
24 prosecution, failure to obey a court order, or failure to comply
25 with local rules, the court must consider several factors: (1)
26 the public's interest in expeditious resolution of litigation;
27 (2) the court's need to manage its docket; (3) the risk of
28 prejudice to the defendants; (4) the public policy favoring

1  disposition of cases on their merits; and, (5) the availability
2  of less drastic alternatives.  Thompson, 782 F.2d at 831;
3  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,
4  963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
5       In the instant case, the court finds that the public's
6  interest in expeditiously resolving this litigation and the
7  court's interest in managing the docket weigh in favor of
8  dismissal.  The third factor, risk of prejudice to defendants,
9  also weighs in favor of dismissal, since a presumption of injury
10 arises from the occurrence of unreasonable delay in prosecuting
11 an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
12 1976).  The fourth factor -- public policy favoring disposition
13 of cases on their merits -- is greatly outweighed by the factors
14 in favor of dismissal discussed herein.
15      Accordingly, the court HEREBY RECOMMENDS that this action be
16 DISMISSED for plaintiff's failure to prosecute.
17      These Findings and Recommendations are submitted to the
18 United States District Judge assigned to the case, pursuant to
19 the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen**
20 **(15) days** after being served with these Findings and
21 Recommendations, plaintiff may file written objections with the
22 court.  Such a document should be captioned "Objections to
23 Magistrate Judge's Findings and Recommendations."  Plaintiff is
24 advised that failure to file objections within the specified time
25 may waive the right to appeal the District Court's order.
26 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
27      IT IS SO ORDERED.
28      **Dated:   May 9, 2006**                    **/s/ Dennis L. Beck**

1  3c0hj8                              UNITED STATES MAGISTRATE JUDGE